## GOLDBERG v WOLPA

Ohio Appeals, 1st Dist, Hamilton Co
No 3800. Decided Oct 13, 1930

David N. Rosenbaum, Cincinnati, for Goldberg.

Harmon, Colston, Goldsmith & Hoadley, and Lester G. Hilpp, all of Cincinnati, for Wolpa.

## FIDELITY & CASUALTY Co v THUMM

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10791.   Decided April 21, 1930

**ROSS, J.**

It is unquestionably true that evidence cannot be pleaded, and that if it is pleaded, a demurrer will exclude such evidence in establishing the existence of a cause of action. However, if the petition states a cause of action independent of the improperly pleaded evidence, the mere presence of such evidence attached to the pleading will not render the pleading bad upon demurrer, but will be treated as surplusage. Such is the case here. The petition states a cause of action, alleging the existence of a contract to pay the sum of $60,000.00, for the purchase of certain real estate described in the petition. The petition further alleges that that part of this purchase price has been paid, and that the right to defer the payment of the balance of the purchase price is dependent not only upon the payment of the several installments of the purchase price, but also upon the payment of the rentals.

It is further alleged that the lessee and his assigns have failed to make the monthly rental payments within the time permitted in the lease, and that the acceleration clause in the lease has become operative for this reason.

It is the opinion of the court that the demurrer to the petition was erroneously sustained.

The judgment of the court of common pleas of Hamilton County is reversed, and the cause is remanded to that court with instructions to overrule the demurrer, and for further proceedings according to law.

Cushing, PJ, and Hamilton, J, concur.