## DICKINSON FUEL CO et v GRADSKY et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1118.  Decided June 20, 1932

Cooper & Munserford, and Thomas, Hyer & Leyland, Dayton, for plaintiffs.

Kusworm & Shaman, Dayton, for defendants.

**HORNBECK, J.**

We are frank to say that this case has caused us much concern. The ramifications of the transactions are so devious and apparently so unnecessary, that the mere recounting of them is enough to create a suspicion as to the purpose actuating the parties. But, though we may not understand the transactions and could not put the stamp of approval on them if the burden were upon the defendants to support them, we recognize the right to organize the Industrial, though it seemed needless procedure, if in so doing the Gradskys did not act with fraudulent purposes, or, if at the time the Economy was solvent.

The controlling factor in this case is the solvency or insolvency of the Economy when it transferred the personal property to the Industrial. The record is eloquent for what it does not say as to the total assets of the Economy and particularly its total liabilities as of the date of the transfer.

Ben Gradsky in Municipal Court when the term insolvency was definitely explained to him in simple language said the Economy was insolvent. In Common Pleas Court he turned about and stated that it was solvent. The record does not show the state of the business of the Economy, the bills receivable, the bills payable or the assets other than trucks and motor cars, and $1500.00 in money, it had.

We are left in a state of uncertainty upon one question which is vital. If the Economy was solvent, then it had a right to transfer as it did and could have secured The City National Bank & Trust Company or Tenia Gradsky for any liability of Ben Gradsky to them or either of them without the formality of incorporating the Industrial. The real estate transaction like the transfer of the personal property is clouded with uncertain and suspicious circumstances. Ben Gradsky had the contract for purchase. The deed in the first instance was made to him. Ordinarily such action is not taken by mistake. Later he deeds to his wife for $1.00 and other valuable consideration and she executes a mortgage to the Bank for $2500.00. But this transaction like the transfer of the personal property can be set aside only if the Economy, which was Ben Gradsky, was insolvent at the time it was made. If we disregard the transfer of the real estate and the personal property from Ben Gradsky to the Industrial and to his wife, as of date June 18th, and assume that he then owned all of this property, there would be no doubt of his solvency. There is no attempt to show that Ben Gradsky was not primarily liable to the Bank in the sum of $7800.00 or more. Nor is there any claim that the secondary liability of Tenia Gradsky at the Bank is not bona fide. She further claims to have advanced more than $3400.00 to the Industrial. The transfer of the real estate in the last analysis had the effect of securing the Bank and there certainly was no further equity of Ben Gradsky in the real estate. So that it would be a vain thing for the court to take charge of this property by the appointment of receiver.

Independent of the indebtedness to the Bank and Tenia Gradsky on the real estate transaction, no other indebtedness of Ben Gradsky except that of the plaintiffs appears.

If Ben Gratsky had $1500.00 on June 18, 1930, which is not denied, then that alone would substantially pay the amount of plaintiff's claim. The total value of any property, namely, trucks, that could be subjected to receivership, in any event in this case, would be $300.00.

We have examined the opinion in the case of **Goldberg and Budd v Wolpa,** Hamilton County, Court of Appeals (unreported) (**9 Abs 251**) and find that the proof was definite to the effect that Wolpa was insolvent when the transfers were made which the court ordered set aside. It also appears that some of the transfers were made after judgments had been taken by plaintiffs and Wolpa had been declared a bankrupt before some of the transfers to his relatives were made.

On the one question then, viz: the solvency of the Economy at the time of the transfer of the real estate and personal property, namely June 18, 1930, we are not

satisfied that the record discloses that the Economy was insolvent. It certainly becomes such a close question on the facts that it would seem to be the duty of the court to use its discretion to refuse to name a receiver.

The judgment will therefore be for the defendant for costs and the petition dis-, missed.

ALLREAD, PJ, and KUNKLE, J, concur.